No. 5.—THE BRANCH BANK OF THE STATE OF ALABAMA, plaintiff in error, *vs.* ELIJAH KIRKPATRICK, defendant.

[1.] That clause of the 2d Section of the Act of 1805, which prescribes a limitation to suits brought upon judgments obtained in Courts, other than the Courts of this State, *held* to be still in force.

Debt on judgment, in Stewart Superior Court. Tried before Judge ALEXANDER.

This was an action of debt upon a judgment obtained in the State of Alabama, to which the defendant pleaded the Statute of Limitations. The only facts necessary to be understood, are embodied in the decision of the Court. The Court below sustained the plea.

WORRILL, & WORRILL & HOLT, for plaintiff in error, cited— *Act of June,* 1806. *Clayton's Dig.* 303. *Act of Dec.* 1806, *Prince,* 577. *Harrison et al. vs. Walker,* 1.*Kelly,* 32--5. *Pease vs. Howard,* 14 *John.* 477. *Anderson vs. Montgomery,* 19 *John.* 162. 14 *Wend.* 188. 7 *Cranch,* 481.

JONES, BENNING & JONES, and J. M. & B. CLARK, for defendant.

JAMES M. CLARK, for defendant in error.

The first Act upon limitation, is, the Statute of 1767. *See Princes' Dig.*

The next, is the Act 1805. *See Clayton's Dig.* 269. And is the Act in which is found the clause upon which the defendant in error relies, in support of the plea filed in the Court below. The next in order of time, are the Acts of June, 1806, and of December, 1806. *See Clayton's Dig.* 303, 344. This is as far as our present inquiries demand, that the Statutes of limitation should be consulted.

The positions assumed by this Court in the case of *Harrison et al. vs. Walker,* (1 *Kelly's Rep.)* 32 are, that the Act of June, 1806, *repeals* the Act of 1805, and *revives* the Act of 1767. That

the Act of June, 1806 is, " in addition " to the Act of 1767, and that up to December, 1806, the Acts of June, 1806, and 1767, were the laws of the land. As in December, 1800, the Act of 1767 stood *already revived,* the Legislature would not *again* have revived it, unless they *intended* to set it up as the law of the land, " independent of all adjunct and accessory enactments." This being the *intention* of the Legislature, by the Act of December, 1806, the repealing clause, (which repeals all Acts contrary to this *intent,*) repeals the Act of June, 1806, and of course, (we take it,) the Act of 1805. We assume that the Act of June, 1806, was " in addition " to the Act of 1805. The title and first section of the Act of June, show that the Act of 1805, and not of 1767, was the subject matter of legislation.

The first clause in the second section of said Act of June, 1806, only *partially* revives the Act of 1767. This clause refers to all *suits* commenced, and all *contracts* that originated under the Act of 1767. It was introduced to prevent the retrospective operation of the Act of 1805.

The latter clause of said second section, repeals the fifth section of the Act of 1805; which fifth section, repeals the Act of 1767. The utmost that the repealing of this fifth section can do, is to *revive* the Act of 1767, in those cases *only* where it does not come in conflict with the Act of 1805.

The Acts, then, of 1805, (and not 1767,) and of June, 1806, were, up to December, 1806, the laws of the land; with such parts of the Act of 1767, as did not come in conflict with said Acts of 1805, and of June, 1806. *The intention,* then, to revive in its totality the Act of 1767, appears for the first time in the Act of December, 1806. Hence no argument can be drawn from the *intention* of the Legislature, farther than is gathered from the Act of December, *alone.* In the Acts of December, 1806, and of 1767, there is not one word said about judgments from this or other States, hence there cannot possibly be any inconsistency with the clause, in the Act of 1805, upon which we rely. 1 *Black. Com.* 89, 90. 13 *Peters R.* 312.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The single question made in this case is, whether the Act of 1805, which prescribes a limitation to suits brought upon judg-

ments, other than judgments in our own Courts, is repealed. The Court below decided that it is not repealed, but is still of force; and such is our opinion also.

The clause which limits actions upon foreign judgments, is found in the 2d section of the Act of 1805, and is in the following words : " And the said actions of debt upon judgments, obtained 'in Courts other than the Courts of this State, within five years next after the judgments shall have been obtained, and not after." *Clayton's Dig.* 270.

If this clause be repealed, it must be done by subsequent Acts *expressly,* or by *necessary* implication.      *Wood vs. U. States,* 16 *Peters,* 362.    3 *How.* 646.    *Dwarris on Statutes,* 674.    It is not *expressly* repealed.    The first Act after that of 1805, was passed in June, 1806.    The Act of June, 1806, is entitled an Act " To *alter* and repeal certain *parts* of the Act of 1805," it is not, therefore, an Act to repeal all of the Act of 1805, and accordingly, it provides in its first section, for the recommencing of actions in certain cases, when they have been commenced in time, and have been discontinued or non-suited, after the expiration of the Statutory term ; and in the 2d section, it repeals the 5th section of the Act of 1805, and revives the Act of 1767, as to all actions and causes of actions, which originated under that Act of '67.    There it stops.    The 5th section of the Act of 1805, which is repealed by the Act of June, 1806, repeals the Act of 67.    So in the terms of this Act of June, 1806, there is no repeal of the 2d section of the Act of 1805, in which the clause in question is found.    *It* does not, therefore, *expressly* repeal it.

The next Act in the order of time, is the Act of December, 1806.    That is an Act " to revive and continue in force, the Act of '67, and to amend the 5th and 9th sections of that Act. It, according to its title, does in general terms revive the Act of '67, and amends the 9th section of that Act, by re-enacting it ; except the saving in favor of non-resident plaintiffs, which it omits, and substitutes in lieu of it, a saving for the plaintiff, founded on the non-residence of the *defendant.*    At the present term of this Court, we decided in the case of *Wynn vs. Lee, trustee, &c.* that the 9*th section of the Act of '67* is repealed by this Act of December, 1806, (which see.)    The Act of December, 1806, makes some other immaterial amendments to the Act of '67, but no where refers to the Act of 1805.    It is not, therefore, expressly.repealed by the

Act of December, 1806. No subsequent Act, so far as I have been able to ascertain, has any relevancy to the question I am now discussing. I think, therefore, that the clause of the Act of 1805, which limits suits upon foreign judgments, has not been expressly repealed.

The question is, now, has it been repealed by implication? The rule as to the repeal of a Statute, is well expressed by the Supreme Court of the United States, in *Wood vs. the United States*, 16 *Peters*, 362, before referred to. "There must be, (say the Court,) a *positive repugnancy* between the provisions of the new laws, and those of the old; and even there, the old laws are repealed by implication, only *pro tanto*, to the extent of the repugnancy." The Act of 1767, to which frequent reference has been made, was the law of limitation of the State, up to the Act of 1805, by the 5th section of which Act, it was repealed. The Act of 1805, became then the limitation law, and so continued until June, 1806, when it was, as we have seen, in one particular amended, and the clause which repealed the Act of '67 was itself repealed, which revived the Act of '67. In December, 1806, the Act of 1767 was again revived, except the 9th and 5th sections, which were amended, and the 9th repealed. The argument in favor of the repeal of the clause in the 2d section of the Act of 1805, which we are considering is, as I understand it, drawn from the Act of December, 1806. It is this : The Act of 1806 revives the Act of 1767; (except as stated, and the exceptions have no bearing upon this question ;) it thereby, makes *that* the law of limitations. As much so, as if it were an Act for the first time then found upon the Statute Book. That by the revival of the Act of 1767, the Legislature intended to embody and declare, what from that time should be the law of limitations ; and that nothing but what was found in that Act, should be thenceforth in force. And if so, all previous laws upon the subject of limitations, are repealed ; and of course, the clause in the anterior Act of 1805, which limits suits on judgments.

This reasoning is not satisfactory. It is true, that the revived act takes effect as an original act, to the extent of its provisions, but no farther. It is to be considered as an embodiment, a re-adjustment of the law of limitation, to that extent, but no farther. It is as effectually, to that extent, the law, as if upon

the same general subject, there never had been any previous leg-islation. If in the revived Act, all previous laws had been re-pealed, then, of course, there would be no question. But con-taining no such clause, but simply declaring that all acts and parts of acts militating against its intent and meaning, are repealed, what is the consequence ? It is, that such acts alone are repeal-ed, and such as do not militate against its intent and meaning, re-main in full force. This would be the effect, if there were no such declaration in the Act of 1806. In other words, the revi-val of the Act of 1767, repeals all previous laws which are re-pugnant to it, expressly, and would do that by implication. We, then, have only to inquire whether the clause, in the Act of 1805, which limits suits upon foreign judgments, is repugnant to the Act of 1767. The repugnancy must be positive. The repeal must be by *necessary* implication. The subsequent law may cover some or all the cases provided for in a previous law, and yet there be no repugnancy between them, for the later law may be cumulative, affirmative, or auxiliary. Between the Act of 1767 and the previous Act of 1805, there is no repugnancy as to the limitations of suits on judgments. In the Act of '67, *there is no limitation, whatever, provided upon suits of foreign judgments.* If so, how can there be any repugnance ? How can an act re-peal a previous act in relation to a subject matter about which it is absolutely silent, and to which there is no reference directly or by implication? The Act of 1767, might move back through all time, and sweeping from its course all conflicting or repug nant laws, would leave this provision of the Act of 1805, untouch-ed. It would not be found in its path. That provision adopted in 1805, stands; and the enactments of 1806, in the then revival of the Act of 1767 are in *addition to it.* And thus the whole discussion terminates. It is reduced to the question of repug-nancy, or not; and that is settled, by the fact that there is nothing in the Act of '67 about limitation upon suits on foreign judgments at all. It seems, then, to be a kind of truth, that can't be made plainer, by attempts at elucidation; that there is no repugnancy.

The Act of 1767 limits the action of *debt,* founded on any len-ding or contract *without specially.* That provision does not lim-it an action of debt on a judgment. A foreign judgment in Georgia, is not a simple contract. In England, by the weight of authority, it is *conclusive* evidence of a debt due. In the United

States, by the Constitution, the judicial proceedings of each State, are entitled to full faith and credit in all the rest, and the Act of Congress declares, that full faith and credit, is the *same faith* and credit to which they are entitled in the State where they are rendered. The decisions under the Constitution and laws of Congress, put judgments from a sister State upon the footing of domestic judgments. See 3 *Kelly*, 428, 9 *Latine vs. Clements, administrator.*

The counsel for plaintiff in error, relied upon the case of *Harrison et al. vs. Walker*, 1 *Kelly*, 32. This decision does not conflict with that. The question there, was, whether the *first section of the Act of June*, 1806, in relation to re-commencing suit after a discontinuance or non-suit, was in force. We determined that it was not. We determined nothing, whatever, about the Act of 1805. The reasoning in that case, and in all others is to be taken as applicable to the case on the record. Looking at the reasoning in connection with the decision to be sustained by it, I find nothing in it, which is in itself wrong, or with which our present decision conflicts.

It is very necessary that the Legislature revise, condense and present in one body, our laws of limitations. Now they are indeed, an almost unintelligible mass. It requires profound study to learn where, and what is the law. To know what acts are repealed and what of force. He will do the State good service who will bring the subject before the Legislature, and induce it, by one act, to declare the whole law of limitations.

Let the judgment be affirmed.