COLLINS v. HALL.

1. The City Council of Augusta has no authority to prohibit and make penal the carrying concealed of such deadly weapons as are mentioned in section 4527 of the Code of Georgia, no such authority being conferred by the charter or any statute of this State.
2. When a penal ordinance of a city prohibits under the same penalty each of several distinct and separate acts, some of which are within the corporate power to punish, and some are not, a plea of guilty on an accusation which merely charges generally a violation of the ordinance, without specifying any act whatever, cannot be applied to one class of the acts embraced in the ordinance rather than to the other, and no punishment can be inflicted as a result of the proceeding.
3. The judgment of conviction being void on its face, it conferred no authority for detaining the party in prison, and was no obstacle to his discharge on a writ of habeas corpus.    Judgment affirmed.
   April 17, 1893. By two Justices. Argued at the last term.

Habeas corpus. Before Judge RONEY. Richmond county. At chambers, March 15, 1892.

The City Council of Augusta, on April 4, 1882, ordained that "no person or persons shall have or carry

about his, her, or their person, unless in an open manner or fully exposed to view, any slung-shot, brass or iron knuckles, or any kind of deadly weapons whatever, or any razor, butcher-knife, or any other kind of knife carried for the purpose of offence or defence." The ordinance prescribed a penalty of fine or imprisonment for its violation. Hall was convicted in the recorder's court of violating this ordinance on January 16, 1892, by carrying a pistol concealed upon his person, and was sentenced to pay a fine or be imprisoned in jail for thirty days. He failed to pay the fine, and brought a writ of *habeas corpus* against the jailer, upon the grounds that the city council had no authority to legislate upon or punish for the offence of carrying a concealed pistol, the State having prior to the passage of the ordinance legislated upon the subject as set out in the code, section 4527. It further appeared from his petition that after the conviction in the recorder's court, he was convicted in the city court of Richmond county of the violation of that section of the code by the same act as that for which he was summoned in the recorder's court; and that he performed the sentence imposed by the city court. In response to the petition the legality of the ordinance was alleged; and it was further answered that Hall did not set up any objection to the jurisdiction of the recorder's court or make any defence to said accusation, to which he pleaded guilty; and that his remedy, if he had any, was not by *habeas corpus*, but by *certiorari*. The court held that the City Council of Augusta had no power to legislate upon the subject of carrying concealed weapons, and ordered that Hall be discharged.

JOHN S. DAVIDSON, for plaintiff in error.
SALEM DUTCHER, by brief, *contra.*