## SUTTON v. THE STATE.

1. When an indictment contained two counts, one good, the other bad, a general demurrer to the whole indictment was properly overruled.
2. A count in an indictment for kidnapping, framed under the Penal Code, § 110, charging that the accused forcibly, maliciously, and fraudulently took and enticed away a child under eighteen years of age, against its will and without its consent, was fatally defective, when it failed to allege that the child had no parent or guardian.
3. When there were two counts in an indictment, one good, the other fatally defective, and a demurrer to the bad count was improperly overruled, a general verdict of guilty could not be sustained.

Argued February 21, — Decided March 2, 1905.

Indictment for kidnapping.    Before Judge Spence.    Decatur superior court.    January 5, 1905.

O. N. Sutton was indicted in the superior court of Decatur county for the offense of kidnapping.    The indictment contained two counts, the first based on the Penal Code, § 109, and charging that the accused, on a given date, in Decatur county, without lawful authority or warrant, abducted and stole away one Alice Philliaw, alias Alice Skelton, from said county, and sent and conveyed her beyond the limits of said county into Baker county, this State, against her will.    The second count was based on the Penal Code, § 110, and charged that the accused, at the same time and place, did "forcibly, maliciously, and fraudulently lead, take, and carry away, and entice and decoy away one Alice Philliaw, alias Alice Skelton, against the will and without the consent of her the said Alice Philliaw, alias Alice Skelton, who was then and there a child under the age of eighteen years," etc. On the trial the accused demurred generally to the whole indictment; and demurred to the second count, (1) because it charged no offense, and (2) because it did not allege, nor did it appear therefrom, that the child alleged to have been kidnapped did not have a parent or guardian.    Both demurrers were overruled, and exceptions pendente lite were filed to such rulings.    The case proceeded to trial, and there was a general verdict finding the accused guilty.    He moved for a new trial on many grounds, which was refused.    He excepted, assigning error upon the exceptions pendente lite and upon the overruling of the motion for a new trial.

*A. G. Powell, W. D. Sheffield,* and *W. I. Geer,* for plaintiff in error.

*W. E. Wooten, solicitor-general,* by *Arnold & Arnold,* contra.

Fish, P. J. (After stating the facts.)　1. The first count in the indictment was good, and the court properly overruled the demurrer aimed at the whole indictment.　At common law kidnapping is "the forcible abduction and carrying away of a man, woman, or child from their own country and sending them to another." 4 Bl. Com. 259.　Section 109 of the Penal Code is but a statutory modification of the common-law definition of kidnapping.　That section declares: "Every person who forcibly abducts or steals away any person, without lawful authority, or warrant, from this State or any county thereof, and sends or conveys such person beyond the limits of the State or a county thereof against his will, is guilty of kidnapping." "Any person," of course, means any man, woman, or child of any age.　It has been held that when the consent of the person abducted or taken away was induced by fraud or deception, or when a child of such tender years that the law presumes it is incapable of consenting is abducted or taken away, such abduction or taking away will be considered as forcible.　18 Am. & Eng. Enc. L. 60, 61, and cases cited.

2. Section 110 of the Penal Code is as follows: "Any person who forcibly, maliciously, or fraudulently leads, takes, or carries away, or decoys or entices away, any child under the age of eighteen years from its parent or guardian, or against his will, or without his consent, is guilty of kidnapping." It has been held that this section defines two offenses — one where the child kidnapped has a parent or guardian, and the other where it has neither.　In the latter case, it must be forcibly, maliciously, or fraudulently led, taken, or carried, or decoyed or enticed, away against its own will and without its consent; in the former, if these things shall be done against the will and without the consent of the parent or guardian, irrespective of that of the child, this alone would constitute the offense.　*Gravitt* v. *State,* 74 *Ga.* 191; *Thweatt* v. *State,* Ib. 821.　So it is only where the child has no parent or guardian that it is kidnapping, to forcibly, maliciously, or fraudulently lead, take, or carry it away, or decoy or entice it away, against its will or without its consent.　This being

true, a count in an indictment charging that the accused did these things against the will or consent of the child should allege that it had no parent or guardian, and is fatally defective without such an allegation.    Accordingly, the court erred in not sustaining the demurrer to the second count of the indictment.

3. The general rule is, that where there are several counts in an indictment, a general verdict of guilty is valid if there be one good count, though the others are defective, the presumption being that the verdict was rendered on the good count, and not on the defective ones.    This general rule does not apply, however, when there are two counts in an indictment, one good and the other fatally defective, and where a demurrer to the defective count has been improperly overruled.    In such a case a general verdict of guilty can not be sustained, since it is impossible to know on which count it was rendered; and if rendered on both, the verdict of necessity must be illegal.    22 Enc. Pl. & Prac. 843–4; McMurthry v. State, 38 Tex. Crim. 521; Avirett v. State, 76 Md. 510; People v. Turner, 113 Cal. 278.    As the accused, in the present case, was forced to trial on both counts in the indictment, on the bad as well as on the good, the trial was illegal, and it is not necessary for this court to pass upon the various rulings made during the trial of which complaints were made in the motion for a new trial.    Let the judgment of the court below be

*Reversed.    All the Justices concur.*