### 4873.   ROTHSCHILD v. THE STATE.

HILL, C. J.   1. If an indictment contains two counts charging kindred or similar misdemeanors, and one of the counts is defective and the other is good, and a general verdict of guilty is rendered on the indictment, the law will apply the verdict to the good count. Especially is this true where the evidence is confined to the good count and clearly establishes the commission of the offense as charged therein. *Bulloch* v. *State*, 10 *Ga.* 47 (54 Am. Dec. 369) ; *Frain* v. *State*, 40 *Ga.* 529.

2. Where the trial judge instructed the jury that the defendant had the right to make to the court and jury such statement in his own behalf as he deemed proper, that the statement was not under oath and should have only such weight as the jury might see proper to give it, and that they might believe it in preference to the sworn testimony in the case, it was not error to add the following instruction: "You will consider all the testimony and give such weight as you see proper, if any, to the defendant's statement, and from all of it undertake to arrive at what the truth is." The words, "if any," are not subject to the criticism that they constituted an expression of opinion as to the weight they should give the defendant's statement, or an intimation of the court that they should not give any weight whatever to the statement. Nor was it in any respect prejudicial to the defendant, especially when considered in connection with the context of the charge on the same subject. *Woods* v. *State*, 10 *Ga. App.* 476, 478 (73 S. E. 608).

3. While the question propounded by the solicitor to the jurors on the voir dire, "Are you opposed to the enforcement of the law known as the prohibition law in Georgia," was unauthorized by law, yet as no objection was made to the question when propounded, and the accused stated that he had no objection to the panel of jurors as put upon him, either as a whole or separately, he will not be heard, after the verdict, to object to the question.

4. On the trial of an indictment for selling liquor, it is no defense that the accused sold the liquor as an employee of a social club to the members thereof. Intoxicating liquor can not be sold in this State by an individual or a corporation as a beverage, and where a steward of a social club sells to the members of the club intoxicating liquors, he is guilty of a violation of what is known as the prohibition law, although in making the sale he is acting solely for the benefit of the club.

5. The evidence for the State demanded the conviction, and the statement of the accused, to the effect that in selling the intoxicating liquors to members of the club he was acting for the club, and that he received no personal benefit from such sales, constituted no defense.

*Judgment affirmed.*

DECIDED MAY 20, 1913.

Indictment for sale of liquor; from Glynn superior court—Judge Conyers. March 22, 1913.

*Ernest Dart,* for plaintiff in error.

*J. H. Thomas, solicitor-general,* contra.