### 5114.   CARTER *v.* THE STATE

It is a violation of section 110 of the Penal Code for a married man to entice a female under the age of 18 years to leave her parent's home without the parent's consent, under a false and fraudulent promise of marriage, for the purpose of having sexual intercourse with her. The offense is made out though she be not taken beyond the limits of the county in which her parent resides, and though she leave willingly, under the belief that she is to be married to the person taking her away.

DECIDED OCTOBER 28, 1913.   REHEARING DENIED DECEMBER 9, 1913.

Accusation of misdemeanor; from city court of LaGrange—Judge Harwell. July 12, 1913.

*Mooty & Andrews,* for plaintiff in error

*Henry Reeves, solicitor,* contra.

POTTLE, J.   The accused was convicted of the violation of section 110 of the Penal Code, by fraudulently enticing away a child under the age of 18 years without the consent of the child's parent or guardian.   The evidence shows that the accused enticed Beulah Watson, a female 14 years of age, to leave her father's home under a promise of marriage by the accused, who took her to a house in the county in which she resided, spent the night with her, and returned her to her parent's home the next morning.   The girl testified that she left because the accused promised to marry her; that he had sexual intercourse with her during the time she was away, and, the next morning, stated to her that he could not marry her, because he was already married, and that he had forgotten that he was a married man when he persuaded her to go with him. The evidence authorized the verdict.

There is no merit in the contention that to make out the offense the girl must have been taken beyond the limits of the county in which she resided.   Formerly this was essential, but the statute was amended so as to strike therefrom the words, "out of the limits of this State, or any county thereof."   See Acts 1876, p. 39.   The father of the girl testified that he did not agree for her to go away with the accused.   This was sufficient to show that she went away without the consent of her parent.   The testimony of the girl in reference to the admission made by the accused that he was a married man was sufficient to authorize an instruction upon the theory that the accused was married and fraudulently enticed the girl to go away with him for the purpose of having illicit sexual intercourse with her.

There was no error in the instructions complained of. The jury were charged, in substance, that if they believed the accused was a married man, and induced the girl to go away with him without the consent of her parent, under a false and fraudulent promise of marriage and for the purpose of having illicit sexual intercourse with her, he would be guilty. There can be no doubt that this is sound law. It comes within both the letter and the spirit of the statute. The judge charged the jury that if the girl went away willingly and knowingly, for the purpose of having illicit relations with the accused, even without her father's consent, the accused would not be guilty. Certainly this was as favorable to the accused as he had any right to demand. Where the child has a parent, it is not necessary to show that the taking away was without the child's consent. Section 110 of the Penal Code embraces two offenses. If the child has a parent or guardian, it is only necessary to show that she was taken away forcibly, maliciously, or fraudulently, without the consent of her parent or guardian. If she has no parent or guardian, it is enough that the taking was without the child's consent. *Sutton* v. *State,* 122 *Ga.* 158 (50 S. E. 60).

It was not erroneous to permit the girl to testify that the accused had sexual intercourse with her. This evidence was admissible to illustrate the purpose of the accused in inducing the girl to go away with him.          *Judgment affirmed.*

### ON MOTION FOR REHEARING.

Conceding, for the sake of the argument, that under the decisions cited by counsel for the plaintiff in error, *Zachery* v. *State,* 6 *Ga. App.* 105 (64 S. E. 281), and *Craft* v. *State,* 13 *Ga. App.* 79 (78 S. E. 776), the evidence in the record was not sufficient to show that the accused was a married man at the time he induced the girl to go away with him, still proof that the defendant was a married man was not an essential part of the State's case. The gist of the offense was the fraudulent intent by which the accused enticed the girl away. It was immaterial whether he was in fact married. The evidence shows that he induced the girl to go away with him under a false and fraudulent promise of marriage, and that after having so enticed her away he had sexual intercourse with her and refused to comply with his promise of marriage. The reason for his refusal is immaterial, nor is it important if the reason he assigned was untrue. She says the reason he gave for not complying with his

promise of marriage was that he was already a married man, a fact which he claims to have forgotten when he enticed the girl away. The trial judge instructed the jury upon the theory that they might consider whether or not the accused was a married man. This was really more favorable to him than he was entitled to, because under the testimony of the girl he would still be guilty although the jury might find that he had never been married.

*Rehearing denied.*