### 5628. DOUGLAS *v.* TOWN OF KESTLER.

1. Where, under the ordinances of a municipality, a defendant has the right to be served with a summons or a copy of the charge before trial, and he goes to trial without making a demand to be thus served, this may amount to a waiver of the right.
2. The town of Kestler has no authority under its charter to pass an ordinance against the sale of intoxicating liquor, this offense being covered by the State law.
3. When one is tried for violation of two ordinances of a city, one of which is void, a general conviction is illegal.

DECIDED MAY 16, 1914.

Certiorari; from Early superior court—Judge Worrill.  March 16, 1914.

*Glessner & Collins,* for plaintiff in error.

ROAN, J.  Charley Douglas was tried before the town council of Kestler on the following charge, entered on the docket of the court: "Sale of intoxicating liquors and the keeping of same on hand for the purpose of sale."  The charge was based on ordinances 75 and 110 of the municipality.  Ordinance 75 reads as follows: "It shall be unlawful for any person or persons to keep or have in his or her possession, within the corporate limits of the Town of Kestler, any whisky, brandy, lager beer, or any other intoxicating viands for the purpose of sale, bartering or dealing in the same within the corporate limits of the Town of Kestler."  Ordinance 110 provides: "It shall be illegal for any person, within the corporate limits of the Town of Kestler, to engage in any manner in the sale of the following beverages, to wit: any viands, or malt liquors, whisky, wines, lager beers, and all imitations of lager beer, that shall in any manner produce intoxication."  The accused was found guilty and sentenced to pay a fine of $70, or work a term on the public streets of seventy-five days.  The defendant presented to the judge of the superior court his petition for certiorari.  The judge declined to sanction the petition, and this is alleged as error.  The petition for certiorari sets out what is alleged to have occurred before the municipal court on the trial.  It sets out evidence as to one sale by the defendant, in the town, in February, 1914.  Among the errors assigned is that he was arrested and tried before the municipal court without being served in writing with a summons or a copy of the charge against him, and that the only information on record of the charge against him was from the docket of the municipal court.  He avers that trying him under a charge of violating ordinance 110 was an effort to convict him in the municipal court of an offense covered by the State prohibition law, and therefore the conviction under this ordinance was illegal.  He avers also that he was tried "for the joint offense of selling whisky and keeping whisky for sale, and the general verdict of guilty was, therefore, illegal and void on its face."  The application for certiorari was duly verified before being presented to the judge for sanction.

1. An ordinance of the Town of Kestler provides as follows: "Every person who is charged with an offense shall be summoned in writing, except where provision is made for his or her immediate arrest, to appear before the mayor's court and answer for the same." Where the defendant, as in this case, is not served with a summons or copy of the charge, and goes to trial without demand for such service, this may be treated as a waiver of the summons. See *Backus* v. *Atlanta*, 7 *Ga. App.* 397 (66 S. E. 1036); *Venable* v. *Atlanta*, 7 *Ga. App.* 190 (66 S. E. 489); *Pearson* v. *Wimbish*, 124 *Ga.* 708 (52 S. E. 751, 4 Ann. Cas. 501).

2-3. The municipality of Kestler had the power to pass ordinance 110, by which it became an offense against the municipality to keep for sale intoxicating liquors, but it was without power to pass and enforce ordinance 75, as that ordinance dealt with acts and conduct which the General Assembly had declared to be a crime against the State. In other words, it was an effort to punish acts committed within the limits of the municipality which were crimes under the State law. As there was a general conviction under a composite charge, embracing both these separate and distinct ordinances, one of which it was without authority and power to enforce, the conviction was void. *Collins* v. *Hall*, 92 *Ga.* 411 (17 S. E. 622). The petition for certiorari presented such a state of facts as, under the law, demanded sanction of the petition, and the judge's refusal to sanction it was error.

*Judgment reversed.*