## 12100.  BLAIR *v.* THE STATE.

One cannot lawfully be convicted under a count in an indictment for kid-
napping, based upon section 110 of the Penal Code, which charges that
the accused forcibly, maliciously, and fraudulently enticed away a child
under 18 years of age, against its will and without its consent, where
the evidence shows that the child had a parent or guardian.  However,
where the conviction is under a count, based upon section 109 of the
Penal Code, which charges the accused with forcibly abducting a named
person, without lawful authority or warrant, from a named county,
and conveying such person beyond the limits of the county, against his
will, the conviction is not contrary to law or the evidence for the
reason that the evidence discloses that the person alleged to have been
kidnapped was a child under the age of 18 years, and that such child
had a parent or guardian.

DECIDED APRIL 13, 1921.  REHEARING DENIED MAY 11, 1921.

Indictment for kidnapping; from Thomas superior court.—
Judge Thomas.  December 18, 1920.

*J. M. Austin,* for plaintiff in error.

*C. E. Hay, solicitor-general,* contra.

BROYLES, C. J.  The defendant was indicted in the superior
court of Thomas county for kidnapping, and the indictment con-
tained two counts.  The first count was drawn under section 109
of the Penal Code, and charged the defendant and another named
person with forcibly abducting and stealing away one Pelham
Loyd, without lawful authority or warrant, from Thomas county
and conveying him beyond the limits of the county, against his
will.  The second count was drawn under section 110 of the Penal
Code, and charged the defendant and the other named person with
forcibly, maliciously, and fraudulently decoying and enticing away
Pelham Loyd, a child under the age of 18 years, from his guardian,
to wit, H. S. Myrick, against the will and without the consent of
said guardian.  The defendant was convicted under the first
count only.

It is contended by counsel for the plaintiff in error that the de-
fendant's conviction was unlawful, since the count under which
he was convicted charged that the person alleged to have been
abducted was abducted against his will, and the evidence showed
that such person was a child under the age of 18 years who
had living parents.  In support of this contention counsel cites the
case of *Sutton* v. *State,* 122 *Ga.* 158 (50 S. E. 60).  We cannot
agree with this view of the case.  The decision in that case merely

holds, in effect, that a verdict of guilty of kidnapping would be unlawful in a case where the evidence showed the child alleged to have been kidnapped had a parent or guardian, *where the prosecution was based upon the latter part of section* 110 *of the Penal Code,* which makes it an offense to forcibly, maliciously, and fraud-ulently entice away a child under 18 years of age, against his will or without his consent. Section 109 of the Penal Code makes it a crime to forcibly abduct, without lawful authority or warrant, *any* person, whether man, woman, or child of tender years, from any county in this State, and to send or convey such person beyond the limits of the county, against his will. In a prosecution under this section the fact that the kidnapped person happened to be a child under 18 years of age who had living parents is immaterial. It follows that the verdict of guilty in the instant case was not contrary to law or the evidence merely because the evidence disclosed the fact that the person kidnapped was a child under the age of 18 years who had a living father and mother.

There was some evidence which authorized a finding that the defendant had, without lawful authority or warrant, forcibly abducted the child and carried him beyond the limits of the county against his will, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

The special ground of the motion for a new trial, not having been argued in the brief of counsel for the plaintiff in error, is treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*