BENNETT *v.* LOWRY, sheriff.

No. 6781. November 16, 1928.

R. R. *Jackson* and *C. E. Moore,* for plaintiff.

*John A. Boykin, solicitor-general, Carlton W. Binns, solicitor, Howell, Heyman & Bolding,* and *J. W. LeCraw,* for defendant.

HINES, J. The grand jury returned a special presentment against J. H. Bennett, in three counts. The first and second of these counts were based upon section 700 of the Penal Code, which makes penal a violation of the provisions of section 3444 of the Civil Code. The third count charged him with a violation of the act of August 17, 1920 (Ga. L. 1920, p. 215), in that he engaged in the business of making loans under that act without having first obtained a license to conduct said business from the superintendent of banks. On this presentment a bench warrant was issued, and Bennett was arrested and taken into custody by the sheriff thereunder. Thereupon he applied for the writ of habeas corpus, and in his application alleged that section 3444 of the Civil Code and section 700 of the Penal Code were repealed by the act of August 18, 1916 (Ga. L. 1916, p. 48) ; that the penal provisions of the act of August 17, 1920, do not apply to him, because he had never become a licensee thereunder; that the penal provisions of said act are null and void, because they are in conflict with section 3444 of the Civil Code, if that section is still of force; that section 1 of said act of 1920 is null and void for uncertainty and indefiniteness, because it provides that a license must be obtained from "the State Bank Examiner," when no such officer exists; that section 13 of said act is void for the same reason; and that for this reason the third count in said presentment is null and void; and that in consequence of the above facts all three counts of said presentment are void and his imprisonment is illegal. He further alleges that his trial under the first two counts of the presentment for a violation of section 700 of the Penal Code, and his trial under the third count of the presentment under the act of 1920, would put him in jeopardy twice for the same offense, in violation of article

1, section 1, paragraph 8, of the constitution of this State. For this reason he asserts that sections 1 and 17 of said act of 1920 are null and void, for the reason that they violate paragraph 17 of section 7 of article 3 of the constitution of this State. The trial judge refused to discharge the defendant, and remanded him to the custody of the sheriff. To this judgment he excepted.

■ Petitioner contends that section 3444 of the Civil Code and section 700 of the Penal Code were repealed by the act of August 18, 1916, which was passed to "repeal sections 3438 and 3442 of the Code of 1910 regulating the forfeiture where usury is charged; and to provide forfeiture where any person, company, or corporation shall reserve, charge, or take for any loan or advance in money more than the legal rate; and for other purposes." Ga. L. 1916, p. 48. This act of 1916 does not expressly repeal section 3444 of the Civil Code or section 700 of the Penal Code. It only repeals "all laws and parts of laws in conflict" with it. There can be no contention that said sections were expressly repealed by the act of 1916. So we are to inquire whether they were impliedly repealed by this act. It is well settled that repeals by implication are not favored. *Branch Bank* v. *Kirkpatrick,* 5 *Ga.* 34; *Haywood* v. *Savannah,* 12 *Ga.* 404; *Erwin* v. *Moore,* 15 *Ga.* 361; *Griggs* v. *Macon,* 154 *Ga.* 519, 526 (114 S. E. 899) ; *Friedman* v. *Mizell,* 164 Ga. 1, 5 (137 S. E. 400). There must be a positive repugnancy between the provisions of the new law and those of the old one. *Branch Bank* v. *Kirkpatrick,* and *Griggs* v. *Macon,* supra. The necessary implication of repeal must be so strong that it is equivalent to an express repeal. *City of Atlanta* v. *Gate City Gas Light Co.,* 71 *Ga.* 106, 122; *Freidman* v. *Mizell,* supra.

Applying these rules, does the act of 1916 impliedly repeal section 3444 of the Civil Code and section 700 of the Penal Code? In answering this question we must look for the purpose and intent of the act of 1916. Its first purpose was to repeal sections 3438 and 3442 of the Code of 1910. The first of these sections provided that "Any person, company, or corporation violating the provisions of section 3436 shall forfeit the excess of interest so charged or taken, or contracted to be reserved, charged, or taken." Section 3436, which is still in force, makes it unlawful "for any person, company, or corporation to reserve, charge, or take for any loan or advance of money, or forbearance to enforce the collection

of any sum of money, any rate of interest greater than eight per centum per annum, either directly or indirectly, by way of commission for advances, discount, exchange, or by any contract or contrivance or device whatever." Section 3438 provided only for the civil forfeiture of any excess of interest, and did not provide for a criminal penalty for a violation of section 3436. Section 3442 dealt with titles tainted with usury. It provided that "All titles to property made as a part of an usurious contract, or to evade the laws against usury, are void." This section did not impose any criminal penalty. So this court uniformly held that under this section all titles to property made to secure usurious contracts were void. As a consequence of the principle embraced in this section this court held that a power of sale in a deed to secure a debt infected with usury was void. *Liles* v. *Bank of Camden County,* 151 *Ga.* 483 (107 S. E. 490). So it was held that a waiver of homestead in notes, made prior to the act of 1916 and infected with usury, was void. *Brown* v. *Roughton,* 155 *Ga.* 828 (118 S. E. 557). So it will be seen that sections 3438 and 3442, which were repealed by the act of 1916, dealt only with civil forfeiture and civil penalties for a violation of section 3436, which is still in force.

The next purpose of the act of 1916 was, as declared in its preface, "to provide forfeiture where any person, company, or corporation shall reserve, charge, or take, for any loan or advance in money, more than the legal rate." The first section of the act provides for this forfeiture, and is as follows: "Any person, company, or corporation violating the provisions of section 3436 of the Code of 1910 shall forfeit the entire interest so charged or taken, or contracted to be reserved, charged, or taken." Here the act deals alone with the civil forfeiture. But it is contended that section 2 of this act provides "that no further penalty or forfeiture shall be occasioned, suffered, or allowed, other than as stipulated in section 1" thereof; and that this provision means that there shall be no further criminal penalty for a violation of section 3436. The language, "further penalty or forfeiture," in this section of this act was not intended to repeal any criminal law imposing a penalty for violating section 3436. Clearly it was meant to provide that no civil penalty or forfeiture should be occasioned, suffered, or allowed, further than the forfeiture provided in the first

section of this act. This construction inevitably follows when we consider that the legislature in passing the act of 1916 was dealing with the repeal of sections of the Civil Code; and if it had been the intention of the legislature to repeal section 3444 of the Civil Code and section 700 of the Penal Code, it would have so declared in this act. Having named sections which were expressly repealed by this act, the act should not be construed as impliedly repealing other sections not mentioned in the act. It would be an unreasonable construction of the act of 1916, which deals alone with a civil subject-matter and which provides for a civil forfeiture alone, to hold that by implication it repealed a criminal statute providing a penalty for a charge of more than 5 per cent. interest per month for the loan of money, or for forbearance to enforce such loan. The legislature intended, by the act of 1916, to provide for a forfeiture of interest exceeding 8 per cent. This was one subject-matter. Section 3444 of the Civil Code makes penal an exaction of more than 5 per cent. a month for the use of money or for forbearance to enforce a loan of money. Here we. have a criminal subject-matter. It can not reasonably be held that the purpose of the legislature, in passing the act of 1916, was to do away with the criminal penalty imposed by section 700 of the Penal Code for violations of provisions of section 3444 of the Civil Code. The act of 1916 and section 3444 should be construed together. So construing them, the purpose of the legislature was to provide generally for the forfeiture of all interest which exceeded 8 per cent. per annum; and that when such charge of interest exceeded more than 5 per cent. per month, it became a criminal offense. It was the evident purpose of the legislature to make criminal a rate of interest which shocks the moral sense, and to protect the needy from a rate of interest exceeding 5 per cent per month. Such an exaction of interest clearly prompted the legislature to pass the act embodied in section 3444 of the Civil Code, and clearly justifies us in holding that it was not intended that said section and section 700 of the Penal Code were to be repealed by the act of 1916. The statute fixing such punishment should not be held to have been impliedly repealed by the act of 1916, without some stronger expression therein plainly indicating such implication and showing the intent of the legislature to repeal the criminal statute. So we are of the opinion that section 3444 of the Civil Code of 1910

352

and section 700 of the Penal Code were not repealed by the act of 1916.

■ It follows that counts 1 and 2 of the special presentment were good and set out offenses. So the presentment was not bad as a whole. This being so, a general demurrer to the whole presentment would not lie. *Sutton* v. *State,* 122 *Ga.* 158 (50 S. E. 60). So habeas corpus will not lie to discharge a defendant, unless all the counts of the indictment are void. *McDonald* v. *State,* 126 *Ga.* 536 (55 S. E. 235). This being so, the defendant was properly arrested under the bench warrant issued thereunder, and his custody by the sheriff was lawful; and the court below did right in refusing to discharge him and in remanding him to the custody of the sheriff.

■ In view of the ruling last stated, it is unnecessary for us to decide whether any offense was set forth in the third count of the presentment, for any of the reasons assigned by the plaintiff; and in the absence of any ruling by the trial judge upon this subject, we leave this question open.

*Judgment affirmed. All the Justices concur.*