CONE *v.* THE STATE.

No. 11663.  APRIL 15, 1937.

318

*E. T. Moon,* for plaintiff in error.

*L. L. Meadors, solicitor,* contra.

BELL, Justice. ■ We preface this opinion by calling attention to the settled rule that this court will not pass upon the constitutionality of an act of the legislature, unless it is necessary to a proper decision of the case. *McGill* v. *Osborne,* 131 *Ga.* 541 (2) (62 S. E. 811); *Carter* v. *Dominey,* 157 *Ga.* 167 (121 S. E. 236); *Mystyle Hosiery Shops Inc.* v. *Harrison,* 171 *Ga.* 430 (3) (155 S. E. 765). The grounds of demurrer, except the ninth and last, presented the contentions that all of the prohibition laws previously of force in this State were repealed by the alcoholic beverage-control act of March 22, 1935, and the malt-beverage and wine acts of March 23, 1935 (Ga. L. 1935, pp. 327, 73, 492), because the referendum provisions contained in these acts were unconstitutional and void as being in violation of the provision of the constitution of Georgia by which the legislative power is vested in the General Assembly; and also as being obnoxious to stated provisions of the State and Federal constitutions, in that they submitted the ratification or rejection of the acts only to such voters as were "qualified to vote at the last general election," thus disqualifying "all voters of the State that became eligible to vote subsequently to the last general election, . . and up to Wednesday, May 15, 1935." Before the passage of these acts, possession of whisky, beer, or wine was a penal offense in this State; and from a consideration of each of these acts in its entirety it is evident that the legislature did not intend that any one of them should become effective as law, either wholly or in part, unless ratified in the referendum election of May 15, 1935. Accordingly, if these elections were abortive or nugatory for any of the reasons stated in the demurrer, it necessarily follows that the existing laws were not changed thereby. A question similar to those involved in the present case was presented *in Reynolds* v. *State,* 181 *Ga.* 547 (182 S. E. 917), where the alcoholic beverage-control act of March 22, 1935, was considered. It was held that the act was not intended to become effective in any part as a repealing measure independently of the election provided for there-

in; and in reference to an attack upon the provision for referendum, it was said: "It is wholly unnecessary to decide the constitutional question raised. This is true for the reason that even if the General Assembly could not submit to the people the question whether or not the act should become a law, it is clearly apparent that there was no intention on the part of that body to put the act in force as a statute without a vote of the people, as provided by its terms. Assuming, therefore, that the referendum features were invalid, there was still no repeal of the previous law. If a statute is in part constitutional and in part unconstitutional, and the objectionable portion is so inseparably connected with the general scheme that, in the event it should be stricken, effect can not be given to the intention of the legislature, the result will be that the whole act fails. . . It follows that whether the act of 1935 failed to become a law either by reason of the negative vote of the people or from the invalidity of the provision for referendum, it is wholly nugatory as a repealing statute, and the previous law remained of force." Under that decision, the attacks made upon the acts of March 22 and March 23, 1935, relating to specified beverages, need not be passed upon in reviewing the judgment on the demurrer, since the prior law prohibited and made criminal the acts with which the defendant was charged in the accusation in question. See, in this connection, *Dorsey* v. *Clark,* 183 *Ga.* 304 (188 S. E. 338). Moreover, since the beer and wine acts were both ratified in the referendum election, and thereby relaxed the prohibition laws to the extent of their provisions, it would be of no advantage to the defendant in this case to hold the election void as to these acts, or to declare any portion of either of them invalid.

The ninth ground of the demurrer, termed by the defendant a special demurrer, presented no reason for quashing or dismissing the accusation as a whole, which it asked the court to do. Whether or not the accusation stated an offense with reference to the possession of wines, beers, and other beverages besides whisky, there was no specific attack upon these portions of it, and it was sufficient in law as a charge of possessing whisky. It was unnecessary to allege more in regard to having whisky, and the accusation as a whole was not subject to any of the criticisms contained in this ground of the demurrer. See *Hall* v. *State,* 8 *Ga. App.*

747 (2) (70 S. E. 211); *Pines* v. *State*, 15 *Ga. App.* 348 (83 S. E. 198); *Harris* v. *State*, 21 *Ga. App.* 796 (95 S. E. 321); *Edwards* v. *State*, 25 *Ga. App.* 179 (102 S. E. 847). The accusation being sufficient as a charge· of having whisky, it was good against a general demurrer, regardless of its sufficiency in other respects. *Gibson* v. *State*, 79 *Ga.* 344 (5 S. E. 76); *Sutton* v. *State*, 122 *Ga.* 158 (50 S. E. 60). The court did not err in overruling the demurrer on all grounds. Nor, in view of what has just been said, was there any merit in the ground of the motion for a new trial assigning error upon the instruction to the effect that it is a penal offense in this State to have whisky in one's possession.

■ The court did not err in striking the special plea alleging in effect that the officials do not impartially enforce the prohibition laws, but merely proceed against persons against whom they have prejudice, and pay no attention to other classes mentioned. That other persons or classes of persons may have violated the law without being prosecuted therefor is no excuse for a violation by the defendant. 16 C. J. 98, § 69.

■ In the second special ground of the motion for new trial the movant assigned error upon a portion of the court's charge relating to the possession of wine. The excerpt complained of and the assignment of error made thereon have been quoted in the preceding statement and will not be repeated here. At this point, the defendant treats the wine act of March 23, 1935, as valid, but complains that the court did not explain to the jury the meaning of the act by telling them what rule or rules have been promulgated by the commissioner of agriculture with the approval of the Governor, touching the establishment of wineries. It appears that the judge based his charge in reference to wine solely on the third paragraph of the fourth section of the wine act, and charged the jury in effect that it would be unlawful for any one to possess or control wine except as permitted in that provision of the act, being as follows: "In any county where alcoholic beverages may be legally sold, any person, firm, or corporation may establish wineries for the manufacture, storage, and sale of wines made from Georgia crops, under such reasonable rules and regulations as may be promulgated by the commissioner of agriculture, with the approval of the Governor; and the commissioner of agricul-

ture is hereby authorized to formulate and publish such rules and regulations, which shall have the force and effect of law after approval by the Governor." Ga. L. 1935, p. 492. In so construing the act the court may or may not have committed error, but the assignment of error does not raise this question; and although the provision upon which the judge based his charge refers only to the establishment of wineries, the defendant does not contend that the charge was inapplicable. So, under the assignment of error, we can only say that the charge as given was not erroneous for the alleged reason that the jury were not informed in connection therewith as to what rule or rules the commissioner of agriculture may have promulgated. Neither the State nor the defendant introduced any such rule in evidence, and the court could not have taken judicial cognizance of a rule so promulgated. *Shurman* v. *Atlanta*, 148 *Ga.* 1 (3) (95 S. E. 698); *Clements* v. *Seaboard Air-Line Railway Co.*, 158 *Ga.* 764 (1, *b*) (124 S. E. 516); *Crouch* v. *Fisher*, 43 *Ga. App.* 484 (3) (159 S. E. 746). Accordingly, there is no merit in this ground of the motion for new trial.

■ In the third and last ground the defendant merely alleged "that there is not any law in Georgia against having, possessing or controlling wines." There is no merit in this ground, because it is incorrect as a matter of law. If the referendum contained in the wine act of March 23, 1935, was *valid*, the election which was held in pursuance thereof and which resulted in favor of ratification had the effect of legalizing the possession of wine produced from Georgia "grapes, fruits, or berries," as provided in the act, but did not authorize the possession of wines not so produced. If the referendum was *invalid* as contended, and if the remainder of the act should still be given effect, the assignment of error fails in like manner, because this statute does not purport to change the prior law to the extent of legalizing the possession or controlling of wines in general, but, as stated above, is limited to wines produced from Georgia fruits. Finally, if the entire act is invalid for any reason urged by the defendant, then the prior law as to wine is unchanged, with the result that the possession of wine of any origin is prohibited, and constitutes an offense under the law. It is thus seen that this ground was based upon an incorrect theory of the law, and therefore presented no reason for the

grant of a new trial. *McCaffrey* v. *State,* 183 *Ga.* 827 (189 S. E. 825) ; *McKown* v. *Atlanta,* 184 *Ga.* 221 (190 S. E. 571).

■ We come now to a consideration of the general grounds that the verdict is "contrary to the evidence and without evidence to support it," "decidedly and strongly against the weight of the evidence," and "contrary to law and the principles of justice and equity." There is no merit in any of these grounds. While the accusation may have been defective so far as it charged the possession of beer, wine, and other beverages besides whisky, it was yet valid to the extent that it accused the defendant with having and possessing whisky, and, as stated above, there was no demurrer specifically attacking the portions relating to other beverages, nor was there any objection to evidence pertaining thereto. There was evidence to support the charge of having and possessing whisky; and although the jury found a general verdict of guilty instead of a specific finding as to whisky, this verdict can not be set aside by this court on the mere general grounds as quoted, simply because the accusation may have charged some act which did not amount to an offense under the law. These general grounds do not reach the question whether the verdict was too broad, nor is there any other assignment of error which raises this question. *Harris* v. *State,* 120 *Ga.* 196 (47 S. E. 573). There being some evidence to support the verdict, and no reversible error being assigned, the court did not err in overruling the motion for a new trial. As to general verdicts on accusations defective in part, see *Sutton* v. *State,* 122 *Ga.* 158 (3) (50 S. E. 60) ; *Frain* v. *State,* 40 *Ga.* 529 (2) ; *Bennett* v. *Lowry,* 167 *Ga.* 347 (3) (145 S. E. 505) ; *Sessions* v. *State,* 3 *Ga. App.* 13 (59 S. E. 196) ; *Hayes* v. *State,* 11 *Ga. App.* 371 (5) (75 S. E. 523) ; *Rothschild* v. *State,* 12 *Ga. App.* 728 (78 S. E. 201) ; 16 C. J. 1106, § 2594; 31 C. J. 748, § 306; *Shrouder* v. *State,* 121 *Ga.* 615 (49 S. E. 702) ; *Elsbery* v. *State,* 12 *Ga. App.* 86 (76 S. E. 779) ; *Collins* v. *Hall,* 92 *Ga.* 411 (2) (17 S. E. 622) ; *Douglas* v. *Kestler,* 14 *Ga. App.* 612 (3) (81 S. E. 803).

*Judgment affirmed. All the Justices concur.*