## WALL v. LEWIS.

No. 13803. September 10, 1941.

*C. E. Moore* and *F. L. Breen,* for plaintiff.

*Howard, Tiller & Howard* and *Calvin Castlen,* for defendant.

Atkinson, Presiding Justice. The Court of Appeals propounded for decision by this court the question, "in view of" the provisions of the Code, §§ 57-101 and 57-117, "is a regularly licensed pawnbroker, who advances or lends money on personal property which is taken into his actual physical possession and stored by him, authorized by law to charge interest, on the money so advanced or lent, at a rate of five per centum per month?" The Code, § 57-101, declares, in part: The legal rate of interest shall be seven per centum per annum, where the rate is not named in the contract, and any higher rate must be specified in writing; but in no event shall any person charge for any loan "any rate of interest greater than eight per centum per annum." It is declared in § 57-117, that no person shall charge "any rate of interest greater than five per centum per month; . . save and accept [except] only that regularly licensed pawnbrokers, where personal property is taken into their actual physical possession and stored by them, may charge, in addition to said rate of interest, not exceeding 25 cents at the time said property is first taken possession of by them for the storage of said property. This section shall not be construed as repealing or impairing the usury laws now existing, but as being cumulative thereof." In § 57-102 usury is defined as "the reserving and taking, or contracting to reserve and take, either directly or by indirection, a greater sum for the use of money than the lawful interest." In § 57-9901 it is declared: "Whoever shall violate section 57-117, forbidding the charging of interest at a greater rate than five per cent. per month, shall be guilty of a misdemeanor." The quotations from §§ 57-117 and 57-9901, supra, are taken from the act approved August 15, 1908 (Ga. L. 1908, p. 83) entitled: "An act to make it a misdemeanor to charge

any rate of interest greater than five per cent. per month, either directly or indirectly, and for other purposes." Those two sections and section 57-102, supra, are to be construed and applied as one law. The language in the act of 1908 (Ga. L. 1908, p. 83) now embodied in the Code, § 57-9901, that it *shall be a misdemeanor* for any person to charge any rate of interest greater than five per cent. per month, either directly or indirectly, is wholly incompatible with *a right* to charge a rate of interest greater than five per cent. per month, or greater than eight per cent. per annum as inhibited by §§ 57-101, 57-102, supra, and consequently does not imply that a person may lawfully charge interest at the rate of five per cent. a month. The charge of such rate of interest would be obnoxious to the pre-existing *"usury laws"* (as set out in §§ 57-101, 57-102) which the said act of 1908 as embodied in §§ 57-117 and 57-9901 itself declares it was not designed to "repeal" or "impair." The "design" was still to condemn usury, and when usury reached such proportions as more than five per cent. per month, to enhance the existing penalties of civil forfeitures by adding the criminal penalty of misdemeanor, which would attach and apply to the person of the usurer. This was recognized in *King* v. *State,* 136 *Ga.* 709, 717 (71 S. E. 1093), where it was said: "Having passed a general law defining usury and providing for forfeitures and penalties for exacting it, the legislature had the further right to denounce a certain class of usurers and to make penal the exaction of interest exceeding 5 per cent. per month." In *Jackson* v. *State,* 5 *Ga. App.* 177 (62 S. E. 726), it was said: "The sole purpose of the act is to make it penal 'to reserve, charge, or take' interest for the use of money in excess of five per cent. per month, under any contract where the relation of debtor and creditor is created or survives." In *Bennett* v. *Lowry,* 167 *Ga.* 347, 351 (145 S. E. 505), it was said: "The act of 1916 [relating to forfeiture of interest] and section 3444 [now Code § 57-117] should be construed together. So construing them, the purpose of the legislature was to provide generally for the forfeiture of all interest which exceeded 8 per cent. per annum; and that when such charge of interest exceeded more than 5 per cent. per month, it became a criminal offense. It was the evident purpose of the legislature to make criminal a rate of interest which shocks the moral sense, and to protect the needy from a rate of interest exceeding 5 per cent.

per month." From what has been said, §§ 57-101 and 57-117 of the Code, considered as they must be with §§ 57-9901 and 57-102, do not authorize a regularly licensed pawnbroker who lends money on personal property which is taken into his actual physical possession and stored by him, to charge interest on the money so advanced at a rate of five per centum per month. Consequently the question propounded by the Court of Appeals is answered in the negative. *All the Justices concur.*