JOHN P. STRINGFIELD, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

An indictment charging the accused with the offence of trading with a slave without written permission from his owner, &c., need not charge the name of the owner or the slave, nor the ownership of the property traded.

Misdemeanor, from Richmond county.    Decided by Judge HOLT, at October Term, 1858.

The indictment charged that the defendant, on the 23d day of December, A. D., 1856, in the county of Richmond "did receive from a certain negro slave, then and there the property of one Mr. Warren, a certain jar containing lard of the value of six dollars, without written permission from the owner, overseer or employer of said slave, or from any other authorizedto give such permission, authorizing said slave to sell and dispose of said jar containing lard," &c.

The defendant was arraigned and pleaded to the indictment.    He was tried and found guilty by the jury.

Before sentence on the verdict he moved the Court in arrest of judgment, on the following grounds, to-wit:

1st. Because the indictment is not sufficiently certain to warrant the conviction of the defendant.

2d. Because the indictment does not charge the name of the negro from whom the articles were charged to have been received.

3d. Because the indictment does not charge the name of the owner of the slave, the language of the indictment being, that the defendant did receive from a certain negro man slave, then and there the property of one Mr. Warren.

4th. Because the indictment does not charge that the jar of lard, alleged to have been received was the property of any person.

The presiding Judge overruled the motion, and counsel for defendant assigns error on the three last grounds in the motion, to-wit:

1st. That the indictment does not charge the name of the negro.

2d. That it does not charge the name of the owner of the slave.

3d. Because it does not charge that the jar of lard was the property of any person.

WALKER & RODGERS, for plaintiff in error.

Attorney General, McLAWS, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

Every ground in the motion in arrest of judgment on which error is assigned, has been decided by this Court. In the case of Ricks vs. the State, the plaintiff in error, was indicted for buying cotton from a slave without permission; the Judge of the circuit Court charged the jury that it was not necessary to allege or prove the ownership of the cotton in any person, and this Court sustained the charge. 16 *Ga.* 600, 603.

Fardy Sweeney was indicted in the Superior Court of Bibb county, for selling and furnishing a slave with spirituous liquors, for the slave's own use, he the said Sweeney not being the owner, overseer or employer of said slave, and not then and

there having the said slave under his custody or care. The jury found him guilty. It was objected to the indictment on a motion in arrest of the judgment, that it did not aver the name of the negro or contain any other allegation by which his identity might be sustained or proved. In delivering the judgment, the Court remarked that it was insisted that unless the indictment had stated the name of the negro and the name of his owner, the judgment would not serve as a bar to another indictment for the same offence. This Court held otherwise. 16 *Ga. R.* 467. These cases settle the points made in this case. It is true that in the case of *Sweeney vs. State,* the indictment charged that the name and owner of the slave were unknown. But the Court decided the case without reference to that allegation. Indictments for larceny must charge the ownership of the property alleged to have been stolen to be in some person, and if the owner be unknown that must be alleged. But that is a rule not without a reason, for the jury on conviction of the accused find all the facts charged and among them the ownership of the property alleged to have been stolen. On conviction of the defendant, the owner, if known, is entitled to have the property restored to him and if he be not known, it goes, in England, to the crown. 2 *East's. Cr. Law,* 651. *Larceny and Robbery, Sec.* 88.

In this State every negro is presumed to be a slave and to have an owner, and proof of his color is sufficient *prima facie* evidence of his being a slave and supports that allegation.

Judgment affirmed.