## MADDOX *v.* THE STATE.

An accusation charging that the accused sold " alcoholic, spirituous, malt, and intoxicating liquors, and other drinks to prosecutor unknown, which if drunk to excess will produce intoxication," charges with sufficient certainty a violation of the provisions of the Political Code, § 1548, the sale of the liquors enumerated in that section being made penal by the Penal Code, § 451, in counties where the sale is prohibited under the operation of the general local option liquor law, of which Political Code, § 1548 is a part.   Such an accusation is not defective because it fails to specify the particular kind of liquor sold; nor because it charges the sale of intoxicating *and* other liquors in the conjunctive; nor because of the addition of the words, " other drinks to prosecutor unknown," etc.

Submitted April 28, — Decided May 30, 1903.

Accusation of selling liquor.   Beforé Judge Adams.   City court of Dublin.   March 7, 1903.

*John R. Cooper, S. B. Baker,* and *H. P. Howard,* for plaintiff in error.   *G. H. Williams, solicitor,* contra.

Cobb, J.   Maddox was arraigned upon an accusation charging him with having sold "alcoholic, spirituous, malt, and intoxicating liquors, and other drinks to prosecutor unknown, which if drunk to excess will produce intoxication." The accused filed a demurrer to the accusation, upon the grounds, that it charges no offense against the laws of the State; that it does not put the accused on notice with sufficient certainty of what kind of malt liquor he is charged with selling, but charges him with selling other drinks conjunctively to affiant unknown; that it fails to put the accused on notice of the kind of liquor he is charged with selling; that it is too vague and uncertain to put the accused on notice of the charge he is called upon to answer.   The demurrer was overruled, and the accused excepted.

The accusation was evidently intended to charge a violation of the general local option liquor law contained in the Political Code, §§ 1541–1550, it being a penal offense to engage in the sale in any county where it is prohibited under the operation of that law. See Penal Code, § 451.   The liquors which can not be sold in any such county are "alcoholic, spirituous, malt, or intoxicating liquors, or intoxicating bitters, or other drinks which if drunk to excess will produce intoxication." Political Code, § 1548.   As will be observed, the accusation follows substantially the language of the section of the code, and none of the grounds of the demurrer are, in our opinion, meritorious.   It was not necessary to specify in the accusation the particular kind of liquor sold. ' *Hancock* v. *State,* 114 *Ga.* 439, 443, and cases cited.   If an indictment charges in general terms the sale of "spirituous" or "intoxicating" liquors, or uses any other general term employed in the statute, it will be sufficient, and the sale of any liquor coming within the general description may be shown.   Black, Intox. Liquors, § 467.   This being so, the averment of "other drinks to prosecutor unknown, which if drunk to excess will produce intoxication," is immaterial, because it does not enlarge the proof which may be made under the general terms which are mentioned.   In other words, under

the present accusation, the sale of any intoxicating drink may be shown under the general specification of *intoxicating* liquors, and to prove a sale under the description of " other drinks to prosecutor unknown," etc., it would be necessary for the State to show merely the sale of an intoxicating drink. The addition of these words can not, therefore, put the accused in any worse position or be productive of any more uncertainty than if they had been altogether omitted. Indeed, they are immaterial and may be treated as surplusage. They neither add to nor take from the other averments in the accusation. See, in this connection, Black, Intox. Liquors, § 443.

The accusation " may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has ' or,' and it will not be double, and it will be established at the trial by proof of any one of them." *Eaves* v. *State*, 113 *Ga.* 749, 757, quoting from 1 Bishop's New Criminal Procedure, § 436. See also the other authorities cited in the *Eaves* case. Had the accusation charged the sale in the disjunctive, it would have been bad for uncertainty. *Eaves* v. *State*, 113 *Ga.* 756. There was no error in overruling the demurrer. *Judgment affirmed. By five Justices.*