## 9421.   HARRIS *v.* THE STATE.

The indictment, which was founded upon the "bone dry" law approved March 28, 1917, and alleged the possession of a quantity of intoxicating liquors by the defendant, was not subject to demurrer on the ground that it charged no offense, and that it did not set out the amount of liquor in the defendant's possession.

DECIDED MARCH 6, 1918.

Indictment for possessing intoxicating liquor; from Thomas superior court—Judge Thomas.   April 23, 1917.

*Titus, Dekle & Hopkins,* for plaintiff in error.

*Fondren Mitchell, solicitor-general,* contra.

HARWELL, J.   The indictment alleged that the defendant, on the 17th of April, 1917, did have, control, and possess a quantity of spirituous, malt, intoxicating, and alcoholic liquors, etc.   The defendant demurred to the indictment, upon the grounds, that the statute upon which it was based is unconstitutional and void, because repugnant to specified provisions of the State and Federal constitutions; that it sets forth no offense or criminal charge under the laws of the State of Georgia; and that it does not set out the amount of malt, intoxicating, and alcoholic liquors in the possession of the accused.   The demurrer was overruled, and a writ of error was sued out, taking the case to the Supreme Court. That court held, as to the grounds of the demurrer based on alleged unconstitutionality of the statute on which the indictment was founded, that no constitutional question was made, and transferred the case to the Court of Appeals, to determine the other assignments of error.   *Harris* v. *State,* 147 *Ga.* 489 (94 S. E. 572).   The constitutional questions raised by the demurrer were therefore disposed of by this decision. .

The indictment, which was found after the passage of the "bone dry" law approved March 28, 1917, was, as its language indicates, drawn under section 1 of that statute. It charged that the offense occurred on April 17, 1917. While the demurrer, in that portion attacking the constitutionality of the act, does not name the act or statute under which the indictment was drawn, the pleader evidently treats it as founded upon the act approved March 28, 1917, as he attacks it upon the ground that it deprives the defendant of the right to have intoxicating liquor in *any* quantity. In our opinion there is no merit in either of the grounds of the demurrer set out above. The act makes it unlawful to have, control, or possess any of the enumerated liquors or beverages. Under the act it is unlawful to have in possession any quantity of intoxicating liquors or any of the liquors specified therein. It is not necessary in an indictment founded upon this act, charging the unlawful possession of intoxicating liquors, to name any specified quantity. It is a sufficient compliance with the terms of the act to charge the possession of intoxicating liquors. The ground that the indictment did not set out the amount of liquor the defendant had in his possession was therefore not well taken. Inasmuch as the indictment was founded upon the "bone dry" law, the evidence for the State as to the unlawful possession would necessarily be confined to the time since the passage of this act, to wit, March 28, 1917, and up to the finding of the indictment. *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211); *Brown* v. *State,* 8 *Ga. App.* 691 (70 S. E. 40); *Wells* v. *State,* 118 *Ga.* 556 (45 S. E. 443); *Maddox* v. *State,* 118 *Ga.* 32 (44 S. E. 806); *Williams* v. *State,* 89 *Ga.* 483 (15 S. E. 552); *Hill* v. *Mayor &c. of Dalton,* 72 *Ga.* 314; *Carter* v. *State,* 68 *Ga.* 826; *Stringfield* v. *State,* 25 *Ga.* 474.

The court did not err in overruling the demurrers, and the judgment is

     *Affirmed. Broyles, P. J., and Bloodworth, J., concur.*