CALLIHAN *v.* RÈID, school commissioner, *et al.*

Where a common school only was maintained in a school district, in which were seven grades, none of them being beyond the common-school grades, and there being only sufficient funds arising from the taxes levied for this purpose to maintain the common school, the authorities could not be compelled by mandamus to admit a child, though within the school age, who had completed the seven grades, for the purpose of having such pupil classed and taught in a grade higher and beyond the last common-school grade.

No. 1419.   JANUARY 16, 1920.

Petition for mandamus.   Before Judge Graham.   Telfair superior court.   April 17, 1919.

The McRae-Helena public school is in a school district organized in Telfair County under the McMichael act.   It participates in the public-school funds controlled by the State, and receives its proportion based on the number of school children between the ages of six and eighteen years.   It is a graded school, having seven grades, and is in session for nine months of each year.   It teaches the text-books and the courses selected and adopted by the State board of education for the common schools of the State, but does not teach the text-books adopted by the State board for high schools. The school has no grade beyond the seven common-school grades. Callihan, a resident of the district in which is located the school in question, presented his son, who is over thirteen years of age

and advanced beyond the seventh of the common-school grades, to be taught in the school. The authorities offered to admit him to the school and again carry him over the course in the common school, but refused to admit him for the purpose of carrying him beyond the seventh grade and into the high-school course. An application for mandamus was presented, to require the school authorities to admit the plaintiff's son to the school in question, for instruction in the course of study and books above and beyond the seventh grade, continuing his education until he has passed the age of eighteen years. The court refused a mandamus, and the plaintiff excepted.

*Hal Lawson,* for plaintiff.

*Eschol Graham* and *W. S. Mann,* for defendants.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court properly denied the mandamus. Under the law the common schools of this State are not compelled to receive and teach a child, irrespectively of the advancement of such child in his studies, from the time he is six years of age and until he has attained the age of eighteen years. When the public funds are only sufficient to authorize the teaching of the courses and books provided and selected for common schools, the authorities can not be compelled to give instruction to a child, though he is within school age, where he has completed the common-school courses and the text-books prescribed by the proper authorities. The constitution of 1877 contains the following: "There shall be a thorough system of common schools for the education of children in the elementary branches of an English education only, as nearly uniform as practicable, the expenses of which shall be provided for by taxation, or otherwise. The schools shall be free to all children of the State, but separate schools shall be provided for the white and colored races." In the year 1903 the legislature passed an act entitled "An act to create a State School-book Commission," etc. Acts 1903, p. 53, Civil Code, § 1439. Section 2 of that act reads, in part: "A uniform series of text-books shall be used in all the common schools of this State, to be adopted in the manner and for the time hereinafter provided, which uniform series of books shall be in use in all the common schools of this State, and shall include the following elementary branches of an English education only, to wit: orthography, reading, writing, arithmetic, geography,

45

English language lessons, English grammar, history of Georgia containing the constitution of the State of Georgia, history of the United States containing the constitution of the United States, physiology and hygiene, the elementary principles of agriculture and civil government, and such other branches of study in addition to the above-mentioned as may be from time to time provided for by statute, and not conflicting with the constitution of this State." And there is a statute providing that admission to all common schools ·shall be gratuitous to all children between the ages of six and eighteen years residing in the subdistricts in which the school is located. Civil Code, § 1509. In the year 1911 the legislature passed an act revising the school laws of the State (Acts 1911, p. 94). But the·act last referred to does not repeal the provisions already quoted, in any matter affecting the question before us. Subsequently to the date upon which the statutes just referred to became the law, the provision contained in the constitution of 1877, and which we have quoted, was amended by striking therefrom the words "in the elementary branches of an English education only," so that the constitutional provision relating to common schools read as follows: "There shall be a thorough system of common schools for the education of children (*a*) as nearly uniform as practicable, the expenses of which shall be provided for by taxation, or otherwise. The schools shall be free to all children of the State, but separate schools shall be provided for the white and colored races." Park's Code, § 6576. The constitution as amended enlarges the power of the State to levy taxes for educational purposes; but we do not discover, in the language of the constitution or any of the acts, the purpose to change the common-school law as it stood prior to this amendment, so as to increase the courses taught in the common schools. Nor is the law as to the course of study, or the text-books to be taught in the common schools, changed, in any respect material to the subject of our investigation, by the act approved August 18, 1916 (Acts 1916, p. 104), entitled "An act to authorize boards of education of counties," etc., "to adopt school books," etc. There are two grades of schools recognized and provided for under our statute, one known as the high school and the other as the common school. As to the branches required to be taught in the common·schools we have already quoted section 1439 of the Civil Code. And in the act

of 1911, referred to above, it is provided that the State board of education shall prescribe the rules and regulations and shall provide the course of study for all common and high schools of the State receiving State aid, and shall make out a list. of text-books to be taught in said schools; but neither in the statutes nor in the provisions of the constitution which we have set forth do we find anything rendering it mandatory upon the school authori-ties of a school district where the money arising from the taxes levied for the purpose raises funds only sufficient to conduct and operate the common school, to have and maintain, in addition to the grades of such common school, and to receive pupils into, other and higher grades, that is, grades appropriate to a high school. Permission, under the constitution as it now stands, can be granted to the counties to tax for the purpose of maintaining high schools; but we do not regard the change in the constitution first above quoted as rendering it mandatory upon the counties to exercise the right to tax to maintain high schools. After a consideration of all the acts bearing upon the question in this record, we are fully satisfied that the trial court properly denied the application for mandamus.　　*Judgment affirmed. All the Justices concur.*