### 16016. MARTIN v. THE STATE.

PER CURIAM. 1. An accusation alleging that the accused "did unlawfully have, control and possess spirituous, vinous, malted and fermented liquors, and alcoholic compounds" sufficiently states the offense. Park's Ann. Code, § 448 (b); *Brown* v. *State*, 8 *Ga. App.* 691 (1) (70 S. E. 40); *Lewis* v. *State*, 17 *Ga. App.* 445 (1) (87 S. E. 709); *Harris* v. *State*, 21 *Ga. App.* 796 (95 S. E. 321).

2. The further averment that such liquors were not pure alcohol to be used for medicinal, mechanical or scientific purposes, nor wine to be used for sacramental purposes, was mere surplusage. *McAdams* v. *State*, 9 *Ga. App.* 166 (2) (70 S. E. 893).

3. Where an accusation, duly filed in the city court of Camilla, alleged that it was "founded on the affidavit of the prosecutor, A. C. Strickland, dated 13th day of September, 1924," and on the back of it was the entry, "Prosecutor, A. C. Strickland," and there was a warrant of record in the case, with an affidavit as described in the accusation, charging the accused with the offense of "misdemeanor," a demurrer to the accusation, on the ground that "the name of the real prosecutor in the case does not appear upon same as such," was properly overruled. Ga. L. 1905, p. 189, sec. 27 (act creating city court of Camilla); *Williams* v. *State*, 107 *Ga.* 693 (1) (33 S. E. 641); *Griffith* v. *State*, 3 *Ga. App.* 476 (1) (60 S. E. 277).

4. The court did not err in failing to charge the law of alibi. *Hendrix* v. *State*, 24 *Ga. App.* 56 (1) (100 S. E. 55).

5. The other special grounds of the motion for a new trial are without merit.

6. The verdict was authorized by the evidence.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

DECIDED MARCH 6, 1925.

Accusation of possession of liquor; from city court of Camilla —Judge Burson. September 27, 1924.

Application for certiorari was denied by the Supreme Court.

*Britt W. Davis,* for plaintiff in error.

*Charles Watt Jr., solicitor,* contra.

LUKE, J., dissenting. There was evidence tending to show that the home of the accused was searched by the arresting officers during his absence but in his wife's presence, resulting in the discovery therein of a small quantity of "moonshine" whisky. The defendant stated to the jury that the whisky was his wife's; that it was brought there for her by others during his absence; and that all he knew about it was what his wife had told him subsequent to the search. In his motion for a new trial the accused complains that the court instructed the jury "that the possession of intoxicating liquors by a wife in the house and about the premises is in law presumed to be that of the husband. However, this is not a conclusive presumption, but is one that may be rebutted or explained by the husband." In my opinion this instruction was error requiring the grant of a new trial. *Lumpkin* v. *Atlanta,* 9 *Ga. App.* 470 (71 S. E. 755).