SMITH *et al. v.* TOLBERT *et al.*

1. Without deciding whether the establishment of the high school in the Villa Rica school district could only be shown by official action of the county board of education had at one of its meetings, or whether it could be shown by a course of dealing by said board by which it had treated and recognized this school, the chancellor did not err in admitting (over the objection of plaintiffs that the county school superintendent had no right to establish said school except by direction of the board of education, that said board could not direct the superintendent to establish said school by speaking to him individually, but that they must act in a body assembled, that the minutes of the board of education would be the highest and best evidence of the establishment of this school, and that the fact that this school had been recognized by the county board of education and the State board of education was irrelevant and hearsay) the evidence set out in the affidavits of Tolbert and Whatley, which purported to give the history of the establishment and operation of this high school. This history was relevant upon the issue whether it had been properly and legally established, and whether the school funds of the district could be used in defraying the expenses of its operation. The objection to the admission of this evidence on the ground that the minutes of the county board of education would be the highest and best evidence of the action of the board in establishing and maintaining this high school was overcome by the introduction of all the pertinent portions of the minutes of said board bearing upon the subject.
2. The purpose of the injunctive relief sought by plaintiffs being to restrain the expenditure of the school funds of the district in the maintenance of said school, and such relief being inappropriate to remedy any past expenditure for this purpose, and it being shown that the county board of education did, at its meeting on September 3, 1924, adopt a resolution formally designating and establishing this high school, the trial judge did not err in refusing to grant an interlocutory injunction to restrain the use of the school funds of this district in defraying the expense of maintaining this school, on the ground that it had not been properly established by official action of the county board of education, the present proceeding being instituted by the plaintiffs subsequently to the adoption of such resolution.
3. Under the constitution of 1877, as now amended, the legislature is required to establish a thorough system of common schools for the education of the children of this State, not only in the elementary

branches of an English education, but in such other branches of education as the legislature may see fit to prescribe.

(a) Under the constitution as now amended, the legislature is empowered to grant authority to the counties and municipal corporations of this State, "upon the recommendation of the corporate authority," to establish and maintain public schools within their respective limits by taxation, not to exceed five mills, on all property in their respective limits, without the sanction of a popular vote.

(b) A tax in addition to that levied by the county, not to exceed five mills, is made permissible in school districts, on a two-thirds vote of those voting at an election called for the purpose of determining whether such tax shall be levied.

(c) The board of education of any county has the right to establish one or more high schools or junior high schools, if in its opinion the establishment of such school or schools may be necessary, and its or their establishment is possible by funds raised by local taxation levied by the county, and by the school district.

(d) The county board of education of Carroll County was authorized to establish a high school in the Villa Rica school district, when this was "possible through local taxation funds," and in the maintenance of this school could use the funds derived from State and county taxation applicable to said district, and from the district tax, provided this board had first provided for the education of the children of the county in the branches of education required to be taught in the common schools.

4. A tax not exceeding five mills may be levied by a county for the purpose of maintaining schools for the education of children within its limits, upon the recommendation of the corporate authority, without the sanction of a popular vote; and in addition to such county levy, a levy not to exceed five mills is permissible in any school district of the county on a two-thirds vote of those voting in the district in favor of such additional district tax. *McMillan* v. *Tucker*, 154 *Ga.* 154 (113 S. E. 391); *Jennings* v. *New Bronwood School Dist.*, 156 *Ga.* 15 (118 S. E. 560). The request to review and reverse the decision last cited is denied.

No. 4673. APRIL 15, 1925.

Petition for injunction. Before Judge Roop. Carroll superior court. December 16, 1924.

*J. M. Moore, Sam J. Boykin,* and *Boykin & Boykin,* for plaintiffs.

*Holderness, Son & Moseley,* for defendants.

HINES, J. 1. None of the headnotes require elaboration, except the third. By the educational scheme of the constitution of 1877, as originally adopted, the legislature was required to establish "a thorough system of common schools for the education of children in the elementary branches of an English education only, . . the expenses of which shall be provided for by taxation, or

otherwise." Paragraph 1 of section 1 of article 8 of the constitution of 1877 (Civil Code of 1910, § 6576). Under this scheme the legislature was authorized to grant authority "to counties upon the recommendation of two grand juries, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits, by local taxation; but no such local laws" could "take effect until the same" should "have been submitted to a vote of the qualified voters in each county or municipal corporation, and approved by a two-thirds vote of persons qualified to vote at such election." Paragraph 1 of section 4 of article 8 of the constitution of 1877 (Civil Code of 1895, § 5909). By an amendment to the constitution, proposed by the act of August 17, 1903 (Acts 1903, p. 23), and adopted on October 5, 1904, the legislature was authorized to grant authority "to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation;" but no laws for such purposes could take effect under such amendment until submitted to a vote of the qualified voters in the territory to be affected, and the same had been approved by a two-thirds majority of persons voting at such election. Paragraph 1 of section 4 of article 8 of the constitution of 1877 (Civil Code of 1910, § 6579). By an amendment to the constitution proposed by the act of August 17, 1911 (Acts 1911, p. 46), and adopted October 2, 1912, the provision of the constitution of 1877 first referred to above was amended by striking therefrom the language, "in the elementary branches of an English education only." Park's Code, § 6576. By an amendment proposed by the act of August 18, 1919, and ratified on November 2, 1920 (Acts 1919, p. 66), the constitution was again amended so as to empower the legislature to grant authority to the counties and municipal corporations of this State, "upon the recommendation of the corporate authority," to establish and maintain public schools within their respective limits by taxation, not to exceed five mills on all property in their respective limits, without the sanction of a popular vote; and a tax in addition to that levied by the county, not to exceed five mills, is made permissible in school districts on a two-thirds vote of those voting. Park's Code (1922 Supp.), § 6579. Thus sweeping changes have been

made in the common-school educational system provided for in the constitution of 1877. Now the legislature can provide for the teaching of any branches of education in the public schools of this State; and these schools can be maintained by taxation within the limits and upon the conditions prescribed in the constitution as now amended. The board of education of any county has the right to establish one or more high schools, or junior high schools, if in its opinion they may be necessary, and possible through local taxation. Code of School Laws, § 107, Acts 1919, p. 330. The language, "local taxation funds," embraces funds raised both by county-wide taxation and by a tax levied in the school district. State aid is now provided to enable the local authorities to pay the salaries of the principal and at least one assistant high-school teacher, where such authorities provide for a standard four-year high school in addition to the establishment and maintenance of consolidated schools in any county. Acts 1919, p. 287; Acts 1920, p. 248; Acts 1921, p. 178; Park's Code (1922 Supp.), § 1437(r).

So we are of the opinion that the county board of education of Carroll County was authorized to establish this high school in the Villa Rica school district, when it was "possible through local taxation funds;" and that it could use the funds derived from the State and county taxation and district taxation, applicable to such district, in defraying the expenses of maintaining this high school, provided this board had first provided for the education of the children in this district in the branches of education other than those taught in such high school. See *Callihan* v. *Reid,* 149 *Ga.* 704 (101 S. E. 914).

2. Applying the principles enunciated in the headnotes, the trial judge did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*