## LEE *v.* THE STATE.

RUSSELL, Chief Justice. The defendant was accused of the offense of a misdemeanor, for that in the County of Troup, on February 18, 1936, he "did then and there unlawfully distribute, deal in, sell, and barter, for valuable consideration, malt beverages, to wit: beer, without obtaining a license therefor contrary to law." The defendant filed a demurrer to the accusation, attacking it as a whole upon the ground that it did not charge the commission of any offense, because, as contended in the demurrer, the alcoholic-beverage control act of March 22; 1935 (Ga. L. 1935, p. 327), and the beer and wine acts of March 23, 1935 (Ga. L. 1935, pp. 73, 492), are unconstitutional and void for reasons stated, the alleged grounds of the invalidity of these statutes being substantially the same as those urged in the case of *Cone* v. *State*, 184 *Ga.* 316 (191 S. E. 250). *Held:*

1. Under the decision in the *Cone* case, supra, the court did not err in overruling the demurrers on all of such grounds. If any of these statutes are invalid, as contended, the previous law remained of force, under which the accusation alleged a misdemeanor offense, to wit, selling beer, and the allegation as to doing so without a license may be treated as surplusage. *Shrouder* v. *State*, 121 *Ga.* 615 (49 S. E. 702); *Elsbery* v. *State*, 12 *Ga. App.* 86 (76 S. E. 779). Accordingly, regardless of the validity or invalidity of any of these statutes, the accusation was not subject to demurrer as failing to allege the commission of any offense against the laws of this State, as contended in the demurrer; and it is unnecessary to pass upon the constitutionality of such statutes. Also, this court will not pass upon the constitutionality of an act of the General Assembly unless it is necessary to a proper decision of the case. *McGill* v. *Osborne*, 131 *Ga.* 541 (2) (62 S. E. 811); *Carter* v. *Dominey*, 157 *Ga.* 167 (121 S. E. 236); *Mystyle Hosiery Shops Inc.* v. *Harrison*, 171 *Ga.* 431 (3) (155 S. E. 765).

2. In the present case, the defendant demurred to the accusation upon the further ground, "that it does not state or show whether it is drawn for a violation of the statute of March 22, 1935, known as the alcohol-beverage control act, Georgia Laws 1935, page 327, or under the old prohibition act of 1915 and the act of 1917 amending and supplementing it. Defendant has a right to know under what statute or law he is being prosecuted." There is no merit in this ground. An accusation or indictment need not show the law on which it is predicated. *Griffin* v. *State*, 115 *Ga.* 577 (41 S. E. 997).

3. The defendant demurred to the accusation upon the further grounds, "that it does not charge what beer defendant sold, the quantity he sold, kind he sold and to whom he sold it, and that said accusation is insufficient in law for said reasons. It does not put the defendant on notice as to what he is to meet, and for all of said reasons defendant asks the court to dismiss said accusation." *Held*, that the accusation was not subject to demurrer upon any of these grounds. *Hancock* v. *State*, 114 *Ga.* 439 (3), 443 (40 S. E. 317); *Maddox* v. *State*, 118 *Ga.* 32 (44 S. E. 806); *Newman* v. *State*, 101 *Ga.* 534 (2) (28 S. E. 1005); *Shuler* v. *State*, 125 *Ga.* 778 (3) (54 S. E. 689); *Harris* v. *State*, 21 *Ga. App.* 796 (95 S. E. 321).

4. The defendant also demurred to the accusation upon the following grounds: "that there is not any law in Georgia, or in Troup County, requiring the defendant to obtain a license to sell beer; there is not any provision in the law for obtaining license and the legislature can not delegate to the county commissioners of Troup County the authority to provide for a license and to fix the price. This would be delegating to the commissioners the authority to make laws." The paper issued by municipal or county authorities is a mere permit revocable by them at their pleasure. The accusation was not subject to demurrer on any of these grounds. Ga. L. 1935, p. 73, §§ 7, 15A; *Harbin* v. *Holcomb*, 181 *Ga.* 800 (184 S. E. 603); *Tate* v. *Seymour*, 181 *Ga.* 801 (184 S. E. 598); *Murray* v. *Ashburn*, 182 *Ga.* 699 (186 S. E. 801); *Georgia Railroad* v. *Smith*, 70 *Ga.* 694; *Southern Railway Co.* v. *Melton*, 133 *Ga.* 277 (65 S. E. 665).

5. The evidence authorized the verdict, and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 11798. April 15, 1937.

*E. T. Moon,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.