18733. BOATRIGHT *et al. v.* YATES, Superintendent, *et al.*

CANDLER, Justice. The petition in this case contains two counts. In substance, count one alleges that the Carroll County Board of Education on February 2, 1954, during a regular meeting of the board, by resolution provided for the establishment of a high school, to be known as Central High School for the communities of Mt. Zion, Roopville, Temple, and Whitesburg; that the board then decided to have all high-school pupils residing in those communities attend the new high school; and that plans for the construction of a separate building for those high-school pupils were at that time formulated by the board. In making such decision, the board acted arbitrarily and wilfully abused its discretion since it, for stated reasons, acted contrary to the best interest of the school children of those communities. It is also alleged in this count of the petition that the board, by direction from the State Board of Education, conducted a public hearing on April 21, 1954, for the purpose of giving those interested in the board's aforesaid school program an opportunity to be heard, but the hearing "was utterly futile, a hollow formality and a mockery of justice." From the board's decision, no appeal was taken to the State Board of Education, as provided for by Code § 32-910; but it is alleged that it would have been impossible for the petitioners, as interested parties, to have perfected an appeal in view of their inability to get up a brief of the evidence which the board heard while sitting as a school-court. This count of the petition contains a prayer that the board be temporarily and permanently enjoined from going forward with its program to establish a high school

and erect a new high-school building in and for that area of the county mentioned in the petition. Among many grounds, this count of the petition was demurred to generally on the following grounds: 1. It shows that the petitioners have an adequate and complete remedy at law which they have not pursued. 2. It shows that the petitioners failed to appeal the board's decision with which they are dissatisfied and about which they complain in count one of the petition to the State Board of Education, and no sufficient reason for their failure to do so is alleged. 3. It shows no reason why a court of equity should invade the jurisdiction of school-courts which have power to hear and finally determine the controversy about which count one of the petition complains. These three grounds of the demurrer were sustained.

Count two of the petition alleges that section 1 of an act which the legislature passed in 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 282) is violative of several enumerated provisions of the Georgia Constitution of 1945. The section so assailed provides: "The board of education of any county or independent school system is hereby authorized and empowered, if, in their opinion, the welfare of the schools of the county or independent system and the best interests of the pupils require, to reorganize the schools within their jurisdiction and to determine and fix the number of grades to be taught at each school in their respective systems." This count of the petition was demurred to generally on the ground that section 1 of the act of 1953 is not shown to be unconstitutional for any reason alleged. This ground of the demurrer was also sustained. The exception is to a judgment dismissing the petition as a whole on the grounds of general demurrer stated above. *Held:*

1. "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law." *Burress* v. *Montgomery,* 148 *Ga.* 548 (2) (97 S. E. 538); Code § 37-120.

2. One or more high schools or junior high schools may be established in any county of this State by the county's board of education. Code § 32-933; *Smith* v. *Tolbert,* 160 *Ga.* 268 (127 S. E. 868). See, in this connection, *Sheffield* v. *State School Building Authority,* 208 *Ga.* 575 (68 S. E. 2d 590), and *Irwin* v. *Crawford,* 210 *Ga.* 222 (78 S. E. 2d 609).

3. Code (Ann.) § 32-910 provides: "The county board of education shall constitute a tribunal for hearing and determining any matter of local controversy in reference to the construction or administration of the school law, with power to summon witnesses and take testimony if necessary; and when they have made a decision, said decision shall be binding upon the parties. Either of the parties shall have the right of appeal to the State Board of Education, and said appeal shall be made through the county superintendent of schools in writing and shall distinctly set forth the question in dispute, the decision of the county board and testimony as agreed upon by the parties to the controversy, or if they fail to agree, upon the testimony as reported by the county superintendent of schools." And Code § 32-414 also declares that "The State Board of Education shall have appellate jurisdiction in all school matters which may be appealed from any county or city board of education, and its decisions in all such matters shall be final and conclusive." Under article VI, section I, paragraph I, of the Constitution of 1877, the legislature was authorized to create these school-courts or school-

tribunals and confer jurisdiction on them to hear and determine school controversies such as the one here involved. *Board of Education of Long County* v. *Board of Education of Liberty County,* 173 *Ga.* 203 (159 S. E. 712). This being true, the plaintiffs had an adequate and complete remedy at law; and the allegations of the petition show no reason why a court of equity should assume jurisdiction for the purpose of hearing and determining the controversy involved in the instant case. In this connection see *Keever* v. *Board of Education of Gwinnett County,* 188 *Ga.* 299 (3 S. E. 2d 886); *Pass* v. *Pickens,* 204 *Ga.* 629 (51 S. E. 2d 405); *Burton* v. *Kearse,* 204 *Ga.* 765 (51 S. E. 2d 796).

(a) And a different ruling is not required in the case at bar by the amendment to article VIII, section V, paragraph I of the Constitution of 1945 (Code, Ann., § 2-6801), which provides for the election of the members of the Board of Education of Carroll County from defined areas by the qualified voters thereof. Ga. L. 1952, p. 564.

4. In this State the constitutionality of a statute will not be passed on in any case unless a determination of its validity is necessary in order to decide the merits of the suit in which the constitutionality of the statute has been drawn in question. *Lee* v. *State,* 184 *Ga.* 327 (1) (191 S. E. 256), and citations. For the reasons previously stated, this case can be disposed of without the necessity of considering and passing on the constitutionality of the school act of 1953, and we will therefore make no ruling on the validity of that act.

5. The judgment complained of is not erroneous for any reason assigned. *Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED SEPTEMBER 15, 1954—DECIDED OCTOBER 13, 1954.

*Aubrey W. Gilbert, William H. Stanford, Jr.,* for plaintiffs in error.

*Robert D. Tisinger, R. J. Brown,* contra.