## 36166. JACKSON *v.* THE STATE.

TOWNSEND, J. 1. An accusation filed against the defendant, Ostell Jackson, in the City Court of Sandersville, signed by the solicitor and reciting the following: "The Solicitor of the City Court of Sandersville, in the name and behalf of the citizens of Georgia, charges and accuses Ostell Jackson, of the county and State aforesaid, with the offense of a misdemeanor, for that the said Ostell Jackson, on the 27th day of Nov. in the year of Our Lord, Nineteen Hundred and 55, in the county aforesaid, did then and there unlawfully and with force and arms, have, control and possess one quart of non-tax-paid intoxicating whisky, contrary to the laws of said State, the good order, peace and dignity thereof," was made the subject of a motion to quash on the ground that "it does not charge defendant with any offense under the laws of Georgia; also, because accusation is not based upon an affidavit."

(a) The accusation was sufficient to charge the defendant with a violation of Code § 58-201. *Martin* v. *State*, 33 *Ga. App.* 590 (1) (126 S. E. 908).

(b) The accusation is in the form prescribed by the amendment to the act creating the City Court of Sandersville (Ga. L. 1916, p. 291), by virtue of which act it is not necessary to base an accusation in such court upon an affidavit. The accusation was accordingly sufficient, and the court properly denied the motion.

2. "In order for this court to be empowered to pass upon an assignment of error, where there has been a verdict and no motion for new trial, as in this case, the antecedent ruling complained of, under the terms of the Code, § 6-804, must have been one which necessarily controlled the verdict, judgment or decree." *Nail* v. *Nail*, 207 *Ga.* 171 (1) (60 S. E. 2d 749). The remaining assignments of error, dealing with the exclusion or admission of evidence, and the charge of the court, cannot be considered for the reason that none of these errors are alleged to have been such that the verdict was necessarily controlled by them. The assignment of error on the verdict cannot be considered in the absence of a motion for a new trial, since only by motion for a new trial can the question of the sufficiency of the evidence be raised. *Holland* v. *State*, 18 *Ga. App.* 102 (88 S. E. 908). However, the bill of exceptions will not

be dismissed because the assignment of error dealt with in the first division of this opinion was a ruling on pleadings, made within 30 days of the suing out of the bill of exceptions, and is sufficient to confer jurisdiction on this court. *Jones* v. *Andrews,* 89 *Ga. App.* 734 (1) (81 S. E. 2d 304).

The trial court did not err in denying the motion to quash the accusation, and this court cannot pass upon the remaining assignments of error.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

Decided April 11, 1956—Rehearing denied April 23, 1956.

*Casey Thigpen,* for plaintiff in error.

*Jack B. Taylor, Solicitor, J. Benton Evans,* contra.